G. D. SHULTES v. ALBERT STIVERS.[1]

December 23, 1896.

Nos. 10,392—(172).

Deed—Mortgage.

> On an issue of whether a deed absolute on its face was intended by the parties to be an absolute conveyance or merely a mortgage, *held*, the findings of the court are supported by the evidence.

Appeal by defendant from an order of the district court for Dodge county, Buckham, J., denying a motion for a new trial. Affirmed.

*S. L. Pierce* and *B. F. Latta,* for appellant.

*Littleton & McCaughey,* for respondent.

CANTY, J. The issue in this case is whether a deed absolute on its face is an absolute conveyance or only a mortgage, and the only question raised on this appeal is whether the findings of the court are sustained by the evidence.

In June, 1891, one Dinsmore was the owner of the quarter section of land in question, and made an executory agreement to sell and convey it to the defendant, Stivers, who agreed to pay for it the sum of $2,000, to be paid in eight annual instalments of $250 each, with interest at the rate of 7 per cent. per annum, payable annually. The land was then vacant prairie. Stivers took possession of the same, broke and improved the greater portion of it, and continued to raise crops on the same until October 6, 1894. At that time he had never paid any of the principal of $2,000 which he owed to Dinsmore, was in default for one year's interest, and had given the latter a chattel mortgage on that year's crops for one instalment of the principal and interest. On that day Stivers made a quitclaim deed of the premises to Dinsmore, and the latter executed a conveyance of the same to Shultes. As a part of this transaction, Dinsmore released the chattel mortgage on Stivers' crop, and surrendered to the latter the notes made by him to Dinsmore. The latter agreed to throw off the one year's interest, and Shultes gave him $1,000 in cash, and a mortgage on the property for $1,000 more, and there-

[1] Reported in 69 N. W. 639.

upon executed a written lease of a part of the land to other parties, who raised a crop thereon the following year. Stivers also broke up 35 acres of the land such following year, raised a crop of flax on the same, and claims he did so as owner, while Shultes claims that this was done under a special agreement by which he was to furnish, and did furnish, the seed, and was to receive one-third of the crop. We will not attempt to recite in detail the evidence and circumstances in the case.

As to whether Shultes agreed to loan Stivers the money to pay Dinsmore, and the two deeds were made merely to secure Shultes for the money so loaned, or whether Stivers sold the property absolutely and unconditionally to Shultes, the evidence is conflicting. On the trial before the court without a jury the court found for Shultes that the transaction was that of an absolute and unconditional sale of the land to him by Stivers, and we are of the opinion that the findings are sustained by the evidence.

Appellant, Stivers, contends strenuously that there was a fiduciary relation between him and Shultes, which threw upon the latter the burden of showing that the transaction was a fair one. We cannot hold that any such relation existed from the mere fact that Shultes had, about a year prior to the time of this transaction, attempted to assist Stivers in settling with Dinsmore for $1,600, and had agreed to loan Stivers the money for that purpose. Dinsmore refused to accept the terms and convey the land to Stivers for that sum, and the negotiations were dropped. Neither is the fact that at and prior to the transaction here in question Stivers was indebted to Shultes sufficient to show such a fiduciary relation. Even if all of these facts and circumstances tended to prove such a relation, it would still be a question of fact for the trial court whether such relation existed, and the evidence is certainly not so conclusive that a finding by the court that it did not exist would not be disturbed on appeal.

The order denying a new trial is affirmed.